# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| UNITED SPECIALTY INSURANCE COMPANY, | CASE NO. C18-1846JLR |
|---|---|
| Plaintiff, | ORDER DENYING STIPULATED MOTION TO EXTEND PRETRIAL DEADLINES |
| v. | |
| ONEBEACON INSURANCE GROUP, | |
| Defendant. | |

Before the court is the parties' stipulated motion to extend pretrial deadlines. (Mot. (Dkt. # 16).) The court has considered the motion and, as described below, DENIES the motion.

On March 27, 2019, the court scheduled the case for trial on June 15, 2020. (Sched. Order (Dkt. # 15) at 1.) In their stipulated motion, the parties ask that the court extend five deadlines: (1) the deadline for amending pleadings from December 18, 2019, to February 21, 2020; (2) the deadline for disclosure of expert testimony from December

ORDER - 1

18, 2019, to February 21, 2020; (3) the deadline to file discovery motions from January 17, 2020 to February 21, 2020; (4) the discovery cut-off from February 18, 2020 to March 20, 2020; and (5) the deadline to file dispositive motions from March 17, 2020 to April 10, 2020. (*See* Mot. at 2; Sched. Order at 1.) According to the parties, good cause exists because "[t]he parties have scheduled mediation for January 16, 2020, and agree that it will save cost and foster a negotiated settlement if the intervening deadlines are continued until after the mediation." (Mot. at 1-2.)

The parties' motion is problematic for several reasons. First, the parties must show good cause in order to amend the scheduling order. *See* Fed. R. Civ. P. 16(b)(4); (Sched. Order (Dkt. # 8) at 2 ("The court will alter these dates only upon good cause shown . . . .").) Here, the parties' only support for their claim that good cause exists is their desire to save costs in advance of their upcoming mediation. (*See* Mot. at 1-2.) It is well established that upcoming settlement negotiations do not constitute good cause to modify a scheduling order. *See, e.g.*, *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 LJO BAM, 2013 WL 1164941, at *4 (E.D. Cal. Mar. 20, 2013) ("[A]s a legal matter, settlement discussions do not, in [and] of themselves, arise to good cause for modifying a scheduling order."); *Rybski v. Home Depot USA, Inc.*, No. CV-12-751-PHX-LOA, 2012 WL 5416586, at *2 (D. Ariz. Oct. 17, 2012) ("The parties' settlement negotiations or mediation do not constitute good cause to continue the Rule 16 deadlines."). Thus, the court finds that the parties have not shown good cause.

Moreover, the specific extensions the parties seek would yield an unreasonable case schedule for the remainder of this dispute. The court issues scheduling orders to

provide a reasonable schedule for the resolution of disputes. The dispositive motions deadline is presently set for March 17, 2020. (Sched. Order at 1.) The court generally sets the discovery cut-off approximately 30 days prior to the deadline for filing dispositive motions. This ensures that the court has a complete record before it when it considers a motion that could potentially dispose of the case. Moreover, the schedule generally provides approximately 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period takes into account: (1) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (2) an additional 30 days during which the court endeavors to rule on the motion, *id.* at LCR 7(b)(5). Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan accordingly for trial or an alternate resolution. The court is unwilling to compromise these built-in time periods solely for purposes of accommodating the parties' mediation schedule.

The court therefore DENIES the parties' stipulated motion. Although the court will not extend deadline to amend pleadings, the discovery cut-off, or the dispositive motions deadline based on the parties' mediation efforts, the court is willing to grant the parties the following extensions to the deadline to disclose expert testimony and the deadline for discovery motions:

| Case Event | Old Deadline | New Deadline |
|---|---|---|
| Disclosure of expert testimony under FRCP 26(a)(2) | December 18, 2019 | January 27, 2020 |
| All motions related to discovery must be filed by (*see* LCR 7(d)) | January 17, 2020 | February 3, 2020 |

If the parties agree on this alternative, they should so inform the court within seven (7) days of the date of this order by filing a stipulation on the docket indicating their agreement with these dates.

Dated this 7th day of November, 2019.

*[signature]*

JAMES L. ROBART
United States District Judge