UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>     Plaintiff,<br><br> v.<br><br>ONEBEACON INSURANCE GROUP,<br><br>     Defendant. | CASE NO. C18-1846JLR<br><br>ORDER TO SHOW CAUSE |

There are two motions currently pending before the court: (1) Third Party Defendant Bush Roed & Hitchings, Inc.'s ("BRH") motion to dismiss and compel arbitration (Mot. to Dismiss (Dkt. # 32)); and (2) BRH's unopposed motion to amend case deadlines (Mot. to Amend (Dkt. # 37)). The court held a telephonic status conference in this matter on September 9, 2019 for purposes of setting a trial date in this matter. (*See* 9/9/20 Min. Entry (Dkt. # 24).) During that conference, Defendant OneBeacon Insurance Group informed the court that it was unprepared for trial and that it

ORDER - 1

intended to seek leave to add BRH as a third party defendant in this matter—17 months after the deadline to join parties had expired.[1] (*See* 3/27/19 Sched. Order (Dkt. # 15).) OneBeacon assured the court that the addition of BRH would facilitate prompt resolution of this case. Accordingly, the court advised OneBeacon that it would grant leave to add BRH as a third party defendant, but it informed the parties that it would set this matter for trial in January 2021 and would not consider additional requests to amend the case schedule.

OneBeacon's assurances regarding the impact of BRH's addition to this case proved hollow. Roughly six weeks after OneBeacon filed its third party complaint against BRH, BRH moved to dismiss OneBeacon's claims and compel arbitration. (*See generally* Mot. to Dismiss.) Two weeks later, BRH filed an unopposed motion to amend the case schedule and asked the court to set an entirely new case schedule for this case so that BRH can adequately prepare this case for trial. (*See* Mot. to Amend at 1-4.)

The court remains unwilling to amend the case schedule for United Specialty's original claims against OneBeacon and OneBeacon's counterclaim against United Specialty. However, the court is sympathetic to the position that BRH finds itself in as a result of OneBeacon's lack of diligence in moving to add BRH as a third party defendant.

---

[1] The third party complaint names Homeland Insurance Company of New York as the third party plaintiff and alleges that OneBeacon Insurance Group was "erroneously named" as the defendant. (*See* 3d. Pty. Compl. (Dkt. # 29) at 1.) If Plaintiff United Specialty Insurance Company ("United Specialty") agrees that Homeland Insurance Company of New York is the proper defendant for this action, the court encourages the parties to stipulate to substitute Homeland Insurance Company of New York for OneBeacon Insurance Group as the defendant for the sake of clarity. For purposes of this order, the court refers to Homeland Insurance Company of New York and OneBeacon Insurance Group collectively as "OneBeacon."

1  Accordingly, the court ORDERS the parties to show cause whether the court should sever
2  OneBeacon's claims against BRH from this case under Federal Rule of Civil Procedure
3  21 or order a separate trial on OneBeacon's claims against BRH under Federal Rule of
4  Civil Procedure 42.  *See* Fed. R. Civ. P. 21 ("The court may . . . sever any claim against a
5  party."); Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and
6  economize, the court may order a separate trial of one or more separate issues, claims,
7  crossclaims, counterclaims, or third-party claims.").  The parties shall file their responses
8  to this order to show cause by 10:00 a.m. on Monday, November 30, 2020.  The
9  responses shall not exceed five pages in length, and there shall be no replies unless the
10 court orders otherwise.

11     The court DEFERS ruling on BRH's motion to amend the case schedule until it
12 receives the parties' responses to this order to show cause.  Accordingly, the court
13 DIRECTS the clerk to re-note BRH's motion to amend (Dkt. # 37) for November 30,
14 2020.[2]

15     Dated this 23rd day of November, 2020.

JAMES L. ROBART
United States District Judge

---

[2] The court is aware that BRH's motion to dismiss and compel arbitration is noted for December 4, 2020.  (*See* Mot. to Dismiss at 1.)  This order to show cause does not impact the parties' briefing obligations on that motion.