UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>　　Defendant/Third-Party Plaintiff,<br><br>　　v.<br><br>BUSH ROED & HITCHINGS, INC.,<br><br>　　Third-Party Defendant. | CASE NO. C18-1846JLR<br><br>ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO AMEND CASE DEADLINES AND BIFURCATING THIRD-PARTY CLAIMS |

## I.  INTRODUCTION

Before the court is Third-Party Defendant Bush Roed & Hitchings, Inc.'s ("BRH") unopposed motion to amend the case deadlines.  (Mot. (Dkt. # 37).)  On November 23,

ORDER - 1

2020, the court issued an order to show cause whether it should sever or bifurcate Defendant/Third-Party Plaintiff Homeland Insurance Company of New York's ("Homeland") claims against BHR. (OSC (Dkt. # 40) at 3.) All parties responded. (*See* Pl. Resp. (Dkt. # 44); Def./Third-Party Pl. Resp. (Dkt. # 43); Third-Party Def. Resp. (Dkt. # 46).) The court has considered the motion, the parties' responses to the order to show cause, and the relevant law. Being fully advised, the court DENIES BRH's motion to amend the case deadlines and BIFURCATES the third-party claims.

## II. BACKGROUND

Homeland initially removed this case on December 21, 2018. (*See* Not. of Removal (Dkt. # 1).) The court scheduled trial for June 16, 2020 (03/27/19 Min. Order (Dkt. # 15)) but vacated that date as a result of the pandemic (04/17/20 Min. Order (Dkt. # 22)). During a status conference on September 9, 2020—almost two years after the case began and 17 months after the deadline to join parties—both parties advocated to add a third-party defendant, BRH, under the belief that this addition would facilitate resolution of the case. (*See* 09/09/20 Min. Order (Dkt. # 25).) Accordingly, the court granted leave for Homeland to file a third-party complaint. (09/21/20 Order (Dkt. # 28).) The court additionally set this matter for trial in January 2021 and emphasized that it would not consider further amendments. (09/09/20 Min. Order; *see also* OSC at 2.) Homeland added BRH as a third-party defendant near the end of September 2020. (Third-Party Compl. (Dkt. # 29).)

Unfortunately, BRH's addition has not prompted resolution. Instead, BRH moved to amend the case deadlines because it has not had the opportunity to participate in the

litigation.  (Mot. at 2-3.)  BRH supports severance or bifurcation if the court will not entertain continuance.  (Third-Party Def. Resp. at 2.)  Homeland opposes both.  (Def./Third-Party Pl. Resp. at 3.)  Plaintiff United Specialty Insurance Company ("United Specialty") defers to Homeland.  (Pl. Resp. at 2.)

### III.   ANALYSIS

Absent good cause, the court does not grant trial continuances.  Fed. R. Civ. P. 16(b)(4); (*see* Sched. Order (Dkt. # 15) at 2 ("The court will alter these dates only upon good cause shown[.]").)  As iterated previously, the court is unwilling to again amend the case schedule for the original claims and counterclaim, for which no good cause has been shown to justify another continuance.  (*See* OSC at 2; *see generally* Mot. (focusing only on third-party claims).)  BRH's good cause argument—that it "simply has not had the opportunity to participate in the litigation and would be unduly prejudiced if the current scheduling order is not extended" (Mot. at 3)—does not apply to United Specialty or Homeland, both of whom have been litigating this matter for almost two years.  Accordingly, the court denies BRH's motion to amend the case schedule as it applies to the original claims and counterclaim.

However, the court agrees that BRH is differently situated, and as such, the court bifurcates the third-party claims from the original claims and counterclaim.  A district court's authority to bifurcate comes from Federal Rule of Civil Procedure 42(b), which states, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of . . . third-party claims."  Fed. R. Civ. P. 42(b).  The decision to bifurcate is in the sound discretion of the trial court.  *Hangarter v. Provident Life &*

*Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).  Courts weigh several factors, including convenience, prejudice, and judicial economy.  *Bowoto v. Chevron Corp.*, No. C99-02506SI, 2008 WL 2074401, at *1 (N.D. Cal. May 15, 2008).

Here, convenience and prejudice considerations strongly favor bifurcation.  The court agrees that expecting BRH to retain and depose witnesses for the newly added third-party claims in roughly three months is not only inconvenient for all parties but would also unduly prejudice BRH in its ability to prepare for trial.  (*See* Mot. at 3.)  The same is true for various other aspects of this matter, including the opportunity to file dispositive motions, the ability to meet deadlines for other pretrial filings, and the opportunity to attempt resolution before trial.

Moreover, despite Homeland's contentions, judicial economy supports bifurcation.  (*See* Def./Third-Party Pl. Resp. at 3.)  "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case."  *Karpenski v. Am. Gen. Life Cos., LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).  In *Karpenski*, the court determined that bifurcation of bad-faith and extra-contractual claims from the rescission claims was proper because resolution of the rescission issue could dispose of the entire case.  *Id.*  The same is true here.  As Homeland makes clear in its third-party complaint, its subrogation claims against BRH are only at issue "to the extent the [c]ourt makes an award of contribution or indemnity in favor of USIC and against Homeland[.]"  (Third-Party Compl. ¶¶ 15, 17.)  Thus, if Homeland prevails on the original claims, that resolution will be dispositive of the third-party claims.  As in *Karpenski*, "[i]t is therefore

1  in the interest of expeditious case management and judicial economy to bifurcate the
2  case." 916 F. Supp. 2d at 1190.

### IV.  CONCLUSION

Based on the foregoing, the court DENIES BRH's motion to amend the case deadlines (Dkt. # 37) and BIFURCATES Homeland's third-party claims against BRH from the original claims and counterclaim. The case schedule (Dkt. # 25) set out for those original claims and counterclaim remains unchanged. The court shall set a separate case schedule for the third-party claims.

Dated this 2nd day of December, 2020.

JAMES L. ROBART
United States District Judge