Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED SPECIALTY INSURANCE COMPANY,

　　　　　　　　　Plaintiff,

　　v.

HOMELAND INSURANCE COMPANY OF NEW YORK,

　　　　　　　　　Defendant.

No. C18-1846JLR

ORDER FOR REMOTE CIVIL BENCH TRIAL

　　　　The Court orders the following procedures and protocols for a remote trial starting on **Monday, January 11, 2021, at 1:00 p.m.**

　　　　1. **Trial Format.**  The trial format will be remote.  The entire trial will take place using the ZoomGov.com platform.  The parties, counsel, and witnesses will not be physically present in the courtroom.

　　　　2. **Public Access.**  The public will have access to an audio broadcast of the proceedings via a link published on the court's website.

　　　　3. **Preparation.**  Counsel shall review the tutorials located at https://www.youtube.com/playlist?list=PLQQODreSvdKHWF4JsOIQp8zMJMt9ulM-2 and https://www.youtube.com/playlist?list=PLQQODreSvdKGJtsgZar9mBDtsuoKAz4dZ and familiarize themselves with:

- ZoomGov.com
- Box.com
- Excerpt of King County CLE on remote bench trials

The parties and counsel are to participate on **Tuesday January 5, 2021, at 10:00 a.m.** with the courtroom deputy for a technology check. The courtroom deputy will supply the invitation link for those participating.

Counsel shall ensure that they and each witness have the hardware, software, data bandwidth, and internet access required to testify remotely based on the minimum system requirements posted at https://www.wawd.uscourts.gov/attorneys/remotehearings.

Counsel shall also ensure that parties and witnesses have an alternative means of communicating with each other outside the ZoomGov.com platform (*e.g.*, using a cellphone).

Counsel shall consider steps to establish a high-speed internet connection (*e.g.*, if possible, a hard-wired connection is generally preferable to a wireless internet connection). Limit internet usage by others during the hearing as this may impact connection speed for the hearing.

4. **Record.** The Court will provide a court reporter for the trial and a public link to the audio broadcast of the proceedings. No portion of the hearing shall be recorded or broadcast, in whole or in part, in any fashion, by any participant, witness, or public observer.

The parties and counsel agree that they will not record, via audio, video, or screenshot, or permit any other person to record, via audio, video, or screenshot, the hearing or any part of it. The parties and counsel will ensure that each additional attendee at the hearing for which that party is responsible also acknowledges and agrees to this prohibition on recording.

5. **Witnesses and Participants.** No later than **January 6, 2021**, counsel shall email the courtroom deputy at Ashleigh_Drecktrah@wawd.uscourts.gov and provide the following for each party, attorney, and witness who will appear remotely:

- Name
- Email address
- Phone number
- Participant type (party, attorney, or witness)

The courtroom deputy will then supply the invitation link for those participating.  When a participant remotely accesses the trial, the participant will first enter a virtual waiting room.  The courtroom deputy will admit participants to the virtual court proceeding from the virtual waiting room.

Counsel are responsible for notifying witnesses when they are expected to report to the virtual waiting room.  Counsel shall have a second witness on call at all times to testify in the event a witness's connection is lost or other technical difficulties arise.

Counsel are directed to instruct the witnesses that they are excluded from the trial until they are called.  Until a witness is excused and not subject to recall, a witness may not observe, listen to, or otherwise access, through any means, the testimony of other witnesses or other proceedings for this case.

During testimony, the witness shall not communicate with anyone other than the Court or counsel.  Witnesses may not refer to any documents during their testimony unless and until the witness is directed to do so.

6. **Exhibits.**

    A. All exhibits will be uploaded by counsel to the Box.com website via a link that the courtroom deputy will email to counsel prior to the trial start date.

B. Each witness testifying shall have a hard copy of any exhibit they will be expected to use or examine during the trial.

C. One hard copy of the exhibits shall be delivered to the U.S. Courthouse at 700 Stewart Street, Seattle, WA 98101 no later than **January 7, 2021 by 4:00 p.m**.

D. The witness will not access the exhibits until instructed by examining counsel.

E. Counsel shall certify that exhibits uploaded and the exhibits produced in hard copy are identical.

F. The courtroom deputy will download each exhibit as it is admitted to create the Court's official record of original admitted exhibits.

G. Two copies of the depositions expected to be used for impeachment or trial testimony shall be delivered to the Seattle courthouse under seal no later than **December 30, 2020 by 4:00 p.m**.

H. The parties must comply with LCR 32 for the use of depositions at trial, including video depositions.

I. The Court shall be notified if a video deposition is to be used as substantive evidence and whether it will be played during the course of the trial or simply provided to the Court in advance of the trial date for review. If it will be used during trial, counsel shall be prepared to broadcast the video deposition via ZoomGov.com using the screen sharing function.

7. **Professionalism During the Trial.**

    A. Ambient Noise Protocols:

    - When the Court, counsel, or a witness is speaking, please avoid interrupting the speaker.

- Upon admission to the ZoomGov.com platform, participants shall mute their microphones and activate microphones when directed by the Court (*e.g.*, a witness shall activate the microphone when testifying as shall the examining and defending attorneys during witness testimony).
- All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall maintain their audio on mute to limit potential interruptions. The video hearing host will also have the ability to mute and unmute any participant if needed.
- Any participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by, *e.g.*, only using the microphone and speakers on one device at a time, or utilizing headphones.
- To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom. Remote participants should silence electronic devices other than devices necessary to remote participation, and generally take steps to minimize anything in their remote workspace that would distract from the integrity of the proceedings. The Court understands that conducting trial from one's home, for example, presents many challenges. The Court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

B. Objections:
- When an objection is made, the witness shall stop talking and let the Court rule on the objection.

C. Disconnection:
- In the event that the Court, a party, counsel, a witness, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection is reestablished.
- Counsel must ensure that a witness has an alternative means of communicating with counsel (*e.g.*, a cellphone) in the event of disconnection.

D. Appropriate Dress:
- Parties, witnesses, and counsel are to dress in the same manner as they would in a live courtroom.

E. Screen Names:
- When remotely accessing the trial, remote participants should ensure that their screen name indicates their actual name.

DATED this 7th day of December, 2020.

The Honorable James L. Robart
U.S District Court Judge